ARMSTRONG, Judge.
This is an insurance coverage case. The issue on appeal is whether there was a genuine issue of material fact that precluded summary judgment as to coverage. Specifically, the plaintiff-appellant insured contends that he had renewed a liability insurance policy so that it was in effect as of the time of certain events leading to claims against him. The defendant-appel-lee insurer contends that the policy was not renewed and that, thus, there was no policy in effect as of the time of the events leading, to claims against the plaintiff-appellant. Summary judgment was granted in favor of the insurer. Because there are genuine issues of material fact both as to (1) whether the insurance policy was renewed and (2) whether some of the events leading to one of the claims against the plaintiff-appellant predated the policy renewal date (i.e. occurred when there was still indisputably a policy in effect), we must reverse and remand for further proceedings.
Plaintiff-appellant Richard T. Romano, the insured, owned a residential rental property. He obtained premises liability insurance as to that property, | {.through insurance against Thomas F. Shepard, Jr., from the Travelers Indemnity Company. A tenant, Betty Anne Burns, filed suit against Mr. Romano (the “Burns Action”) alleging that she slipped and fell and was injured in December 1988 and that, at another time, her video equipment was damaged as a result of an electrical problem at the insured premises. In a default hearing in the Burns action, it was specified that the damage to the video equipment occurred in October 1988. The Burns Action was dormant for years and Mr. Romano asserts that he did not become aware of that lawsuit until 1996. Mr. Romano filed the present action against Travelers, seeking to establish insurance coverage for the Burns Action, in 1997.
Travelers admits that it issued to Mr. Romano a premises liability insurance policy for the time period November 10, 1987 to November 10, 1988. Mr. Romano contends that that Travelers policy was renewed for another year so that it was in effect from November 10, 1988 to November 10, 1989. Travelers contends that the insurance policy in question was not renewed and that, thus, there was no policy in effect after November 10,1988.
*545 As to the claim against Mr. Romano for video equipment damages, the transcript of a default hearing in the Burns Action was introduced in the trial court in the present action and it was specified in that default hearing that the video equipment was damaged in October, 1988. As Travelers admits that it had a premises liability policy in effect in October 1988, summary judgment cannot be granted as to the video equipment damage claim.
1 aAdditionally, both Mr. Romano and his insurance agent, Mr. Shepherd, submitted affidavits in the trial court in which they positively state that the November 1987 November 1988 Travelers policy was renewed for November 1988 to November 1989. Travelers relies upon a computer record which does not show such a renewal. Also, Travelers points out that Mr. Romano has not been able to produce a copy of the renewal policy. However, the affidavits of Mr. Romano and Mr. Shepherd explain that, after the passage of 10 years, and because Mr. Romano no longer owns the premises in question, they have long since destroyed their papers relative to the insurance of the premises.
Travelers also cites Civil Code Article 1832 which states:
When the law requires a contract to be in written form, the contract may not be proven by testimony or by presumption unless the written- instrument has been destroyed, lost or stolen, (emphasis added)
Assuming, without deciding, that Article 1832 is applicable to the insurance policy at issue, the affidavits of Mr. Romano and Mr. Shepherd create a genuine issue of fact as to whether there was a written insurance policy that was destroyed. If those facts are proven at trial, then the exception of Article 1832 would be applicable (assuming Article 1832 is applicable at all).
The evidence as to whether there was a renewal of the policy is in conflict so that there is a genuine issue as to this highly material fact. Mr. Romano has not rested upon mere allegations but has, instead, submitted sworn affidavits. Thus, summary judgment may not be granted as to the slip and fall claim. La.Code Civ. Proc. Art 966. The issue of which evidence is correct, Mr. Romano’s or | ¿Travelers’, will have to be decided by trial. If the policy was renewed as alleged by Mr. Romano, then there was a policy in effect in December 1988 at the time of the slip and fall alleged in the Burns Action.
For the foregoing reasons we reverse the judgment of the trial court and remand for further proceedings.

REVERSED AND REMANDED.